■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. IVES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale of a controlled substance in the second and third degrees. Among several arguments raised on appeal, we need only address one: the adequacy of the court's instructions to the jury on the defense of agency.

Reviewing the court's instruction on the agency defense, we find it sufficient. Defendant requested that the court charge that receiving a tip, such as a small amount of cocaine, is not necessarily inconsistent with an agency defense. The court declined to so charge and, instead, instructed the jury that there were a number of factors involved in an agency defense and receipt of a benefit was merely one of them. The court further instructed that the key to the agency defense is whether the defendant acted out of an independent desire to promote the transactions. This charge was adequate.

Testifying in his own defense, defendant freely admitted his involvement in assisting the undercover agent in the purchase of cocaine. While rejecting an offer of money for his effort, defendant agreed to accept "a gram of rock off each ounce" for his own use. Under these circumstances, where defendant

agreed to a continuing arrangement by which he would receive cocaine in return for his efforts, defendant was not entitled to a charge on the agency defense as a matter of law (see, *People v Lem Lek Chong*, 45 NY2d 64, 76, *cert denied* 439 US 935).

We have considered defendant's other arguments raised on appeal and find no merit to them. (Appeal from judgment of Monroe County Court, Egan, J.—criminal sale of controlled substance, second degree, and another offense.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.